IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILDEARTH GUARDIANS,**

      **Plaintiff,**

vs.                                                   No. 1:14-CV-0666 RB/SCY

**UNITED STATES BUREAU OF**
**RECLAMATION and UNITED STATES**
**ARMY CORPS OF ENGINEERS,**

      **Defendants,**

**and**

**MIDDLE RIO GRANDE CONSERVANCY**
**DISTRICT,**

      **Intervenor-Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Intervenor-Defendant Middle Rio Grande Conservancy District's Revised Motion to Dismiss. (Doc. 44.) The Court's jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court grants this motion as to Plaintiff's claim that Defendant Bureau of Reclamation violated the procedural requirements of Section 7(a)(2) of the Endangered Species Act and otherwise denies the motion.

**I.**     **Introduction**

Plaintiff is a non-profit environmental advocacy and conservation organization based in Santa Fe, New Mexico. (Doc. 66.) In this action, Plaintiff seeks to restore water flows in the

Rio Grande River to protect and conserve the Rio Grande silvery minnow and the Southwestern willow flycatcher (flycatcher). (*Id*.) Plaintiff alleges that Defendant United States Bureau of Reclamation and Defendant United States Army Corps of Engineers (collectively "Federal Defendants") violated the substantive and procedural requirements of Sections 7(a)(2), 7(d) and 9 of the Endangered Species Act, 16 U.S.C. §§ 1536(a)(2); 1536(d); 1538(a)(1)(B). (Doc. 66.) Specifically relevant to the motion, Plaintiff alleges that (1) the Bureau of Reclamation's operations and activities on the Middle Rio Grande result in jeopardy to the Rio Grande silvery minnow and the flycatcher in violation of the substantive requirements of Section 7(a)(2); and (2) the Bureau of Reclamation's failure to consult with the United States Fish and Wildlife Service as to the full extent of its discretionary authorities over operations and activities in the Middle Rio Grande constitutes a violation of the procedural requirements of Section 7(a)(2). (*Id.*)

Intervenor-Defendant Middle Rio Grande Conservancy District moves to dismiss Plaintiff's Section 7(a)(2) claims for relief against Defendant Bureau of Reclamation. (Doc. 44.) Federal Defendants concur that dismissal of the Section 7(a)(2) procedural claim is appropriate. (Doc. 47.) Plaintiff opposes the motion. (Doc. 54.)

## II. Background

In November 1999, Plaintiff filed a lawsuit alleging that Defendants violated their substantive and procedural duties under Section 7(a)(2) of the Endangered Species Act. *See Rio Grande Silvery Minnow, et al. v. Martinez*, No. 99-cv-1320 JP/RHS. Subsequent to the filing of the 1999 lawsuit, the Bureau of Reclamation and the Army Corps of Engineers commenced a Section 7(a)(2) consultation to assess the impacts of their Middle Rio Grande operations on endangered species, which culminated in the United States Fish and Wildlife's Biological Opinion of June 29, 2001.

In July 2001, Plaintiff filed an amended complaint in the *Rio Grande Silvery Minnow* matter alleging that the Bureau of Reclamation and the Army Corps of Engineers should have consulted over actions that these agencies were not proposing to take, but which they allegedly had discretion to undertake for the benefit of the minnow. *See Rio Grande Silvery Minnow*, No. 99-cv-1320 JP/RHS. Plaintiff sought to compel the Bureau of Reclamation to consult on altering water deliveries and operations under the San Juan-Chama Project and on its ability to deny the Middle Rio Grande Conservation District water that it diverts through these facilities. *See Rio Grande Silvery Minnow*, No. 99-cv-1320 JP/RHS. In addition, Plaintiff sought to compel the Army Corps of Engineers to consult on altering its normal operations to make more water available for the Rio Grande silvery minnow. *Id.*

On April 19, 2002, Judge James A. Parker determined that the Bureau of Reclamation (1) has the discretionary authority to reduce water deliveries to the Middle Rio Grande Conservancy District and (2) had a duty to limit water deliveries to Middle Rio Grande Conservancy District to the amount of water that is beneficially applied to irrigation within the Middle Rio Grande Conservancy District. Accordingly, Judge Parker ordered that the Bureau of Reclamation had a duty to broaden the scope of its Section 7(a)(2) consultation with the Fish and Wildlife Service to conform with the scope of its discretionary authority. *Rio Grande Silvery Minnow v. Keys*, 469 F. Supp. 2d 973 (D.N.M. 2002), *aff'd Rio Grande Silvery Minnow v. Keys*, 333 F.3d 1109 (10th Cir. 2003), and *vacated as moot Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215 (10th Cir. 2004).

The Bureau of Reclamation re-initiated consultation in order to comply with Judge Parker's April 19, 2002 decision. (Doc. 66.) As part of this effort, the agency prepared a new Biological Assessment which it submitted to the Fish and Wildlife Service in February of 2003. (*Id.*) The February 2003 Biological Assessment expanded the scope of the Section 7(a)(2)

consultation to include an assessment of the Bureau of Reclamation's discretionary authority to reduce water deliveries to the Middle Rio Grande Conservancy District. (*Id.*)  The re-initiated and expanded Section 7(a)(2) consultation culminated in the Fish and Wildlife Service's issuance of a new Biological Opinion on March 17, 2003, which covered the Federal Defendants' Middle Rio Grande operations for the period 2003–2013. (*Id.*)

The 2003 Biological Opinion concluded that the Federal Defendants' operations in the Middle Rio Grande jeopardized the continued existence of the Rio Grande silvery minnow and the flycatcher. (Doc. 66.)  By the time the 2003 Biological Opinion was issued, critical habitat had been designated for the silvery minnow and the 2003 Biological Opinion determined that the Federal Defendants' Middle Rio Grande operations would adversely modify this critical habitat. (*Id.*)

The 2003 Biological Opinion contained a reasonable and prudent alternative intended to mitigate the significant adverse effects of the Federal Defendants' Middle Rio Grande operations, to alleviate the threat of jeopardy, and to avoid the adverse modification of designated critical habitat. (Doc. 66.) The reasonable and prudent alternative included requirements for modified water operations which guaranteed continuous minimum flows in certain reaches of the minnow's habitat and requirements for physical modifications to the facilities in the Middle Rio Grande such as fish passages at the diversion structures. (*Id.*)  The 2003 Biological Opinion included an incidental take statement which determines the maximum number of silvery minnows that may be incidentally taken by the Federal Defendants' Middle Rio Grande operations without violating Section 9 of the Endangered Species Act. (*Id.*)

The parties continued the litigation in the district court and the court of appeals.  *See Rio Grande Silvery Minnow*, 601 F.3d at 1106–09 (describing procedural history).  In 2004 and 2005, Congress enacted a series of laws on the applicability of the Endangered Species Act to the

Middle Rio Grande.  *See* Pub. L. 108-137, § 208(a); Pub. L. 108-447, § 205, 118 Stat. 2809 (2004); Pub. L. 109-103, § 121(a), 119 Stat. 1705 (2005).  This legislation established that: (1) the Bureau of Reclamation does not have discretion to use San Juan-Chama Project water to benefit the Rio Grande silvery minnow and (2) compliance with the Fish and Wildlife Service's 2003 Biological Opinion satisfied the requirements of the Endangered Species Act until March 16, 2013.  *Id.*  As a result, the Tenth Circuit found all of Plaintiff's claims to be moot, and directed that the underlying decisions should be vacated.  *See Rio Grande Silvery Minnow*, 601 F.3d at 1132–33.

The 2003 Biological Opinion covered operations on the Middle Rio Grande through February 28, 2013, and provided that coverage under the Biological Opinion would be extended to cover subsequent consultation, so long as those consultations were initiated prior to February 28, 2013.  (Doc. 66.)  In order to commence a new Section 7(a)(2) consultation in contemplation of the expiration of the 2003 Biological Opinion, the Bureau of Reclamation submitted a Biological Assessment to the Fish and Wildlife Service concerning the effects of its operations and activities in the Middle Rio Grande on January 16, 2013.  (*Id.*)  According to Plaintiff, the scope of the Biological Assessment that the Bureau of Reclamation submitted for consultation was impermissibly narrow and the agency disavowed a significant extent of its discretionary authority over water operations and deliveries in the Middle Rio Grande relating to the Middle Rio Grande Project.  (*Id.*)

On December 9, 2014, Plaintiff filed a stipulation and agreement between Plaintiff and the Albuquerque Bernalillo County Water Utility Authority that Plaintiff would dismiss all claims in this action relating to the San Juan-Chama Project, San Juan-Chama Project Water and San Juan-Chama Project Contracts.  (Doc. 35.)  Plaintiff omitted such claims from the Second Amended Complaint (Doc. 38) and the Third Amended Complaint.  (Doc. 66).

### III. Standard

Defendants rely on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted).

While Defendants rely on materials outside the pleadings, they present legal arguments rather than a factual challenge. As the motions to dismiss launch facial attacks on this Court's subject matter jurisdiction, the Court will accept the truthfulness of the factual allegations in the Third Amended Complaint and apply the Rule 12(b)(6) standard. *See Dry v. United States*, 235 F.3d 1249, 1253 (10th Cir. 2000) (applying Rule 12(b)(6) standard to Rule 12(b)(1) motion raising legal arguments); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 364 (1st Cir. 2001) (explaining that Rule 12(b)(6) standard applies to a motion challenging sufficiency rather than accuracy of jurisdictional facts).

Rule 12(b)(6) provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the

plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

IV. Discussion

    A. Section 7(a)(2) of the Endangered Species Act

Section 7(a)(2) of the Endangered Species Act provides, "[e]ach Federal agency shall, in consultation with and with the assistance of the Secretary, insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species."  16 U.S.C. § 1536(a)(2).  "Section 7(a)(2) imposes both a procedural and a substantive obligation on federal agencies."  *See Rio Grande Silvery Minnow*, 601 F.3d at 1105 (citing *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 667 (2007); *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 700 (10th Cir. 2009)).

    B. Procedural Claim

"The procedural obligation ensures that the agency proposing the action . . . consults with the [Fish and Wildlife Service] to determine the effects of its action on endangered species and their critical habitat."  *Rio Grande Silvery Minnow*, 601 F.3d at 1105 (citing *Fla. Key Deer v. Paulison*, 522 F.3d 1133, 1138 (11th Cir. 2008)).  Substantively, Section 7(a)(2) requires federal agencies, such as the Bureau of Reclamation, to "insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any

endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat of such species." 16 U.S.C. § 1536(a)(2).

In this case, Plaintiff alleges both a procedural claim and a substantive claim under Section 7(a)(2) against the Bureau of Reclamation. For its procedural claim, Plaintiff challenges the scope of the Bureau of Reclamation's on-going consultation with the Fish and Wildlife Service under Section 7(a)(2). Plaintiff acknowledges that the Bureau of Reclamation submitted a Biological Assessment to the Fish and Wildlife Service as to the effects of its operations and activities in the Middle Rio Grande on January 16, 2013, and that the Section 7(a)(2) consultation is on-going. (Doc. 66.) However, Plaintiff complains that the scope of the Biological Assessment "submitted for consultation was impermissibly narrow." (*Id.*) Plaintiff requests that the Court intervene in the on-going administrative process and hold that the agency is failing to consult "as to the full extent of its discretionary authorities" based on the agency's Biological Assessment. (*Id.*) Defendants contend the agency's characterization of its discretionary authority in the Biological Assessment is not subject to judicial review because it is not a final agency action. (*Id.*)

Judicial review of a Section 7(a)(2) claim is governed by the Administrative Procedures Act. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Under the Administrative Procedures Act, an agency action must be final in order to be subject to judicial review. *See Nat'l Ass'n of Home Builders v. Norton*, 415 F.3d 8, 13 (D.C. Cir. 2005). The United States Supreme Court has set forth a two-part test to determine the finality of an agency decision: "First, the action under review must mark the consummation of the agency's decision making–it must not be of a merely tentative or interlocutory nature. Second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. at 177–78 (quotation marks and citations omitted).

In this case, the Bureau of Reclamation's characterization of its discretion in the Biological Assessment does not mark the consummation of the agency's decision making process as the administrative process is on-going.  *See* 16 U.S.C. § 1536(a)(2).  It bears underscoring that the consultation process continues until the Fish and Wildlife Service issues a Biological Opinion and the Bureau of Reclamation determines how to proceed in light of the Biological Opinion.  *Id.*; *see also City of Sausalito v. O'Neill*, 211 F.Supp.2d 1175, 1204 (N.D. Cal. 2002) (stating that "a complete failure to conduct a biological assessment when required is subject to judicial review, but the contents of an assessment are not.").  Accordingly, the administrative action that Plaintiff challenges in its Section 7(a)(2) procedural claim does not satisfy the first prong for final agency action under *Bennett v. Spear*.

Additionally, the Bureau of Reclamation's characterization of the scope of its discretion in the Biological Assessment does not meet the second prong as it neither determines rights or obligations nor gives rise to legal consequences.  *See Or. Natural Desert Ass'n v. Tidwell*, 716 F. Supp. 2d 982, 995 (D. Or. 2010) (holding Section 7(a)(2) procedural challenge to biological assessments was not justiciable because under *Bennett v. Spear*, because "the assessments did not mark the consummation of the agency's decision making and were not actions from which legal consequences flowed").  Plaintiff's claim that the Bureau of Reclamation improperly defined the scope of its discretionary authority to the Fish and Wildlife Service must await the conclusion of the consultation process.  *Id.*  In that the Biological Assessment is not a final agency action, Plaintiff's Section 7(a)(2) procedural claim against the Bureau of Reclamation is not subject to judicial review. [1]

---

[1] In light of the determination that the Section 7(a)(2) procedural claim against the Bureau of Reclamation is not justiciable, the Court does not reach Defendant Middle Rio Grande Conservancy District's arguments concerning ripeness.

C.     Substantive Claims

In its Section 7(a)(2) substantive claim, Plaintiff alleges that the Bureau of Reclamation failed to abide by the terms of the 2003 Biological Opinion, the statement of reasonable and prudent alternatives, and the incidental take statement. Applicable federal regulations make clear that the Bureau of Reclamation has an independent duty to determine the lawfulness of its actions. 50 C.F.R. § 402.15(a) ("[f]ollowing the issuance of a biological opinion, the Federal agency shall determine whether and in what manner to proceed with the action in light of its section 7 obligations and the . . . biological opinion."). Consistent with these regulations, courts have held that consulting with the Fish and Wildlife Service alone does not satisfy an agency's duty under the Endangered Species Act. *See Rio Grande Silvery Minnow*, 601 F.3d at 1106; *Res. Ltd, Inc. v. Robertson*, 35 F.3d 1300, 1304 (9th Cir. 1994); *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990). Indeed, "[a]n agency cannot 'abrogate its responsibility to ensure that its actions will not jeopardize a listed species; its decision to rely on a [Fish and Wildlife Service] biological opinion must not have been arbitrary or capricious.' " *Grand Canyon Trust v. Bureau of Reclamation*, 623 F. Supp. 2d. 1015, 1037 (D. Az. 2009) (*quoting Robertson*, 35 F.3d at 1304 ; *see also Ctr. for Biological Diversity v. Rumsfeld*, 198 F. Supp. 2d 1139, 1156–57 (D. Ariz. 2002).

Plaintiff has stated a claim against the Bureau of Reclamation for a substantive violation of Section 7(a)(2) because it has alleged that the agency made an arbitrary and capricious determination to depart from the 2003 Biological Opinion, statement of reasonable and prudent alternatives, and the incidental take statement. This is an actionable claim as the issuance of a biological opinion constitutes a final agency action subject to judicial review. *See Rio Grande Silvery Minnow*, 601 F.3d at 1106 (citing *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 924 (9th Cir. 2008)); *see also Or. Natural Res. Council v. Allen*, 476 F.3d 1031,

1035–36 (9th Cir. 2007) (stating that a biological opinion and its accompanying incidental take statement "represent final agency action subject to judicial review"). Plaintiff's Section 7(a)(2) substantive claim is justiciable. Plaintiff alleges that the Bureau of Reclamation's operations and activities on the Middle Rio Grande result in jeopardy to the Rio Grande silvery minnow and the flycatcher in violation of the substantive requirements of Section 7(a)(2) and the 2003 Biological Opinion, statement of reasonable and prudent alternatives, and the incidental take statement. In that Plaintiff challenges a final agency action, the motion to dismiss will be denied as to Plaintiff's Section 7(a)(2) substantive claim against the Bureau of Reclamation.

## V. Conclusion

Plaintiff's Section 7(a)(2) procedural claim against the Bureau of Reclamation is not subject to judicial review because it is not a final agency action. Plaintiff's Section 7(a)(2) substantive claim against the Bureau of Reclamation is justiciable.

**THEREFORE,**

**IT IS ORDERED** that Intervenor-Defendant Middle Rio Grande Conservancy District's Revised Motion to Dismiss (Doc. 44), is granted as to Plaintiff's Section 7(a)(2) procedural claim against the Bureau of Reclamation and otherwise denied.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**