# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILDEARTH GUARDIANS,

    Plaintiff,

vs.                                                 No. CV 14-0666 RB/SCY

UNITED STATES
ARMY CORPS OF ENGINEERS,

    Federal Defendant.

## MEMORANDUM OPINION AND ORDER

The Court said that the administrative record for this litigation would be comprised of the administrative record that defendant United States Army Corps of Engineers lodged with the Court, certain RPA Compliance Reports, and any other documents that the parties had agreed to. In this matter before the Court, the parties debate what documents they had agreed to include in the administrative record.

### I.     FACTS

WildEarth Guardians ("Guardians") misread a June 28, 2016 email from the United States Department of Justice. The email said that the United States Army Corps of Engineers ("Corps") agreed to include "7.11.08 BA Cochiti Deviation.pdf" in the administrative record ("record"). (*See* Doc. 113, Ex. A at 5.) The email also said that the United States Bureau of Reclamation ("Reclamation"), then a defendant in the case, agreed to add fourteen other documents in the record.[1] (*See id.*, Ex. A at 5–6.)

---

[1] Reclamation is no longer part of this lawsuit.

In an exhibit attached to its motion for the Court to supplement the record—not in the motion itself—Guardians said that the Corps had agreed to supplement the record with the following five documents:

- "Rio_Grande_Silvery_Minnow_Recovery_Plan_First_Revision_2010.pdf"
- "06072016191435-2004 Population Monitoring Report Platania.pdf"
- "FWS Hydrologic Objective.pdf"
- "2006 Recent Channel Incision and Floodplain Evolution.pdf"
- "MararandAuBuchon_2012.pdf"

(Doc. 97, Ex. 1 at 7, 9–10.) Guardians was wrong. Those five documents came from the fourteen documents that *Reclamation* agreed to include in the record. (*See* Doc. 113, Ex. A at 5–6.) The Corps, which only agreed to include "7.11.08 BA Cochiti Deviation.pdf," never consented to the five bulleted documents above. (*See id.*, Ex. A at 5.)

However, the Corps made a mistake too. In its response to Guardians' motion to supplement the record, the Corps commented: "[Guardians'] list of materials includes several documents Federal Defendant had already agreed to add to the Administrative Record, so it is unclear why they are part of the Amended Motion." (Doc. 103 at 1 n.1.) This comment showed that the Corps was aware of Guardians' claim—despite the claim being buried in an exhibit—and that the Corps erroneously adopted Guardians' false claim. Later, the Corps tried to backpedal, saying that its comment "simply questioned why [Guardians] had included documents in its list *if* [the Corps] had already agreed to include them . . . ." (*See* Doc. 113 at 2 (emphasis added).) The later explanation is simply not true. The Corps' original comment was not conditional, but clearly indicated the Corps' belief that Guardians' list *did* contain material that the parties had already consented to.

2

The Court now must decide the consequence of Guardians' and the Corps' mistakes.

## II. DISCUSSION

The Court understands Guardians' argument that the Corps waived its right to object to the five bulleted documents. Unfortunately for Guardians, countervailing considerations outweigh its argument.

As described in the Facts section, Guardians is clearly wrong when it said that the Corps had already agreed to the five bulleted documents. Guardians is essentially asking the Court to walk away from a known error. Yet there is no compelling reason to do this. Some reasons the Tenth Circuit has provided for holding that parties had waived their argument include: promoting finality in litigation, conserving judicial resources, and preventing the district court's efforts from going to waste. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). None of those rationales apply here to compel the Court to ignore a known error. It also seems inequitable to penalize the Corps for its mistake when this issue only arose due to Guardians' original error. Furthermore, the parties should have waited until the scope of the record was resolved before briefing the merits, (*see* Doc. 113, Ex. A at 6–7), so there would be no reliance interest to necessitate adopting Guardians' mistake.

Guardians also raised the consent point in an obscure manner—through an exhibit attached to its original motion. Even though the Corps had notice of Guardians' point, the indirect nature of Guardians' argumentation may have given the Corps the misimpression that this was not a disputed issue. In fact, the Corps accidentally objected to two documents that Guardians claims the Corps had agreed to include—"060720161914335-2004 Population Monitoring Report Platania.pdf" and "FWS Hydrologic Objective.pdf." (*See* Doc. 103 at 21.)

The Court recognized that Guardians may not have provided the Corps with adequate notice of its consent argument. The Court previously said, "WildEarth Guardians claims that the Corps has agreed to include [certain documents] in the record. *If true*, the Court will not oppose [the consented-to inclusion]." (*See* Doc. 107 at 8 n.1, 13 n.3 (emphasis added).) By saying "if true," the Court left open the very possibility of what transpired here: the Corps told the Court that Guardians' averment about an agreement regarding certain documents was actually not true. As such, the Court opposes the inclusion of those documents in the record.

Therefore, the Court rules that the five bulleted documents from the Facts section above are not part of the record. By the parties' agreement, "7.11.08 BA Cochiti Deviation.pdf" will be part of the record (*See* Doc. 113 at 1.)

This is an exhaustive list of what is in the record:

- The documents already lodged with the Court as part of the Corps' record.
- RPA Compliance Reports for the years 2003, 2004, 2006, 2011, and 2013.[2]
- 7.11.08 BA Cochiti Deviation.pdf

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Guardians' motion to supplement the record with the five bulleted documents from the Facts section above.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court previously included the 2005 and 2014 RPA Compliance Reports and excluded the 2013 Report. (Doc. 107 at 9.) This was inconsistent with Reclamation's record. (*See* Doc. 97 at 18.) The Court will file an amended memorandum opinion and order to change Doc. 107 to reflect what was already lodged with the Court in Reclamation's record.

4